UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Chapter 11 |
| QUANTEGY, INC., et al.,[1] | Case No. 05-80042-DHW (Jointly Administered) |
| Debtors. | |
| QRS PROPERTIES, LLC, QUANTEGY RECORDING SOLUTIONS, INC. f/k/a Discount Tape Company, Inc., and QUANTEGY RECORDING SOLUTIONS, LLC, | |
| Plaintiffs, | |
| v. | Adv. Proc. No. 05-8017-DHW |
| QUANTEGY, INC., FOOTHILL CAPITAL CORPORATION, MADELEINE LLC, IMATION CORPORATION, A-TEK MANUFACTURING LLC, and QUALITY PLASTICS CUSTOM MOLDING, INC., | |
| Defendants. | |

MEMORANDUM OPINION

Imation Corporation, Madeleine L.L.C., and Wells Fargo Foothill,

---

[1] The debtors are the following: Quantegy Inc., QM Inc., Quantegy International Inc., Quantegy Acquisition Corp., Quantegy Holdings Inc., GoProAudio.com, Inc., GoProDirect.com, Inc. and Quantegy Media Corp.

Inc., filed motions to dismiss the complaint.[2] The motions assert that the plaintiffs lack standing, are not the real party in interest, and fail to state a claim for which relief can be granted.

The motions came on for hearing on September 12, 2005 at which the matters were taken under advisement. Upon consideration of the motions, briefs, and arguments of counsel, the court concludes that the motions are due to be denied. The relevant facts are not in dispute.

The chapter 11 debtors sold substantially all of their assets in a court-approved sale on April 15, 2005. QRS Properties, LLC purchased the real property, and Discount Tape[3] purchased the personal property. Discount Tape transferred the personal property to Quantegy Recording Solutions, LLC, which has an ownership interest in QRS Properties, LLC.

The court approved the sale of the property free and clear of all liens with liens attaching solely to the proceeds of the sale. The debtors deposited the net proceeds of the sale into the registry of the Clerk of Court. The Clerk is holding the money (over 3 million dollars) pending resolution of competing claims to the money. Each of the defendants claims a lien on the sale proceeds.

Alleged Facts Relevant to Counts 1 and 2

Lee County, Alabama, has a claim for 2004 and 2005[4] ad valorem taxes on the property sold. Lee County intends to collect the taxes from the plaintiffs unless paid by another source. The amount due is almost $600,000. Lee County apparently received no notice of the free-and-clear

---

[2] A-Tek Manufacturing, LLC filed an answer to the complaint. Neither the debtor nor Quality Plastics Custom Molding, Inc. have filed an answer.

[3] After the sale, Discount Tape changed its name to Quantegy Recording Solutions, Inc.

[4] The 2005 taxes will be due in October 2005.

2

sale of the property.

The plaintiffs contend that they purchased the property free and clear of any tax liens and further that they did not assume any liability for the taxes under the asset purchase agreement.

The plaintiffs contend that Lee County has a tax lien on the sale proceeds superior to all other claimants and request the court to direct full payment of the taxes from the sale proceeds.

Three defendants filed motions to dismiss the complaint. The defendants contend that the plaintiffs lack standing and that the taxing authority is the real party in interest.[5] The defendants contend that the plaintiffs have no legal right to require payment of the taxes from the sales proceeds.

Conclusions of Law

The court agrees that the plaintiffs have no standing to require payment of the taxes from the sales proceeds. The plaintiffs have not alleged any legal interest in the sale proceeds with regard to the taxes.

However, the plaintiffs do have standing and are the real party in interest to request a determination (1) whether the plaintiffs assumed liability for the taxes under the asset purchase agreement and (2) whether Lee County retains tax lien on the purchased property.

These determinations are the basis for and inherent in the relief sought by the plaintiffs. The complaint is in essence an action for declaratory judgment on the above issues, and the court will so construe

---

[5] The defendants contend that the plaintiffs have failed to prove any of the requirements for standing: (1) "an actual or threatened injury" (2) "fairly traceable to the challenged conduct of the defendant" and (3) "likely to be redressed by a favorable ruling." *Harris v. Evans,* 20 F.3d 1118, 1121 (11th Cir. 1994).

the complaint.

However, "complete relief cannot be accorded among those already parties" in the absence of the Lee County taxing authority. *Fed. R. Bankr. Proc.* 7019. Therefore, the plaintiff will be required to join the Lee County taxing authority as a defendant to this adversary proceeding.

Alleged Facts Relevant to Count 3

The plaintiffs request a refund of the purchase price in the amount of $63,534.76. The amount represents an account receivable included in the assets sold by the debtor. However, the account receivable had been collected by the debtors prior to the sale.[6]

The defendants contend that Count 3 fails to state a claim for which relief can be granted. The defendants contend that the plaintiffs have not asserted any basis for relief from the sale proceeds — at most they have a claim against the debtors for breach of the contract.

In ruling on a motion to dismiss, the court must accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party. *Magluta v. Samples,* 375 F.3d 1269, 1273 (11th Cir. 2004).

Dismissal pursuant to Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 256 F.3d 1282, 1283-84 (11th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L Ed. 2d 80 (1957).

Viewing the facts of the complaint in a light most favorable to the

---

[6] The complaint does not state the amount of the purchase price attributable to this account receivable. The receivable arises from two Quantegy invoices. Whether the purchaser paid full face value for this receivable is a matter yet to be determined.

4

plaintiffs, the court can conceive a set of facts that could be proved by the plaintiffs which would entitle them to relief. There are circumstances under which a court may reform a contract:

> When, through fraud, a mutual mistake of the parties or a mistake of one party which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, so far as it can be done without prejudice to the rights acquired by third persons in good faith and for value.

*Ala. Code* § 8-1-2 (1975). If the contract is reformed to eliminate the account receivable from the sale, the debtors would have no contractual right to the proceeds attributable to that asset.[7] Therefore, a refund from the sale proceeds could result.

This order does not constitute a ruling that the plaintiffs have proved any set of facts entitling them to relief under the complaint as construed by this court. This order merely holds that the plaintiffs have alleged facts sufficient to withstand a motion to dismiss under Fed. R. Bankr. Proc. 7012.

A separate order denying the motions to dismiss will enter.

Done this 15th day of September, 2005.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: William L. Rothschild, Attorney for Plaintiffs
James H. White, Attorney for Madeleine and Wells Fargo
Christie Lyman Dowling, Attorney for Imation Corporation

---

[7] Neither would the lenders have a lien on the proceeds attributable to the account receivable.

5

Cameron A. Metcalf, Attorney for Debtors
Jeffery J. Hartley, Attorney for A-Tek Manufacturing
Leonard N. Math, Attorney for Quality Plastics

6